# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1901
_____

United States of America

*Plaintiff - Appellee*

v.

True Yang Vangh

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 15, 2021
Filed: July 13, 2021
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

True Yang Vangh appeals the district court's denial of her motion for compassionate release pursuant to the First Step Act, arguing that the district court misinterpreted 18 U.S.C. § 3582(c)(1)(A). Having jurisdiction pursuant to 28 U.S.C. § 1291, we vacate and remand for further proceedings.

## I.

Vangh worked as Manager of the Hmong American Federal Credit Union (the Credit Union) in St. Paul, Minnesota, while her husband worked as its President and Chairman of the Board of Directors. The pair held personal accounts at the Credit Union as well as accounts for the multiple businesses they owned. Vangh and her husband were charged with eight counts of bank fraud in violation of 18 U.S.C. §§ 1344, 2 after they fraudulently diverted funds (in excess of $2 million) from the Credit Union to their personal and business accounts.[1] Vangh pled guilty to one of the eight counts, and the district court sentenced her to 72 months imprisonment with 4 years supervised release after varying downward from the United States Sentencing Guidelines range of 97 to 121 months. The district court also ordered restitution in the amount of $1,781,106. Vangh began serving her sentence in June 2018. Her anticipated release date is July 26, 2023.

On March 22, 2020, Vangh filed a motion in the district court for compassionate release pursuant to 18 U.S.C. § 3582. In that motion, she detailed a medical history replete with physical and mental ailments. Vangh cited a 2011 car accident and explained that following the accident, she has experienced severe and chronic pain issues, including episodes of dizziness; mobility limitations; and liver, gallbladder, and gastrointestinal complications. Vangh also explained that she suffers from Hepatitis A, Type II Diabetes, hypertension, depression, and anxiety. Vangh asserted that these conditions alone warrant compassionate release, and when coupled with the COVID-19 virus, she faces a "significant risk of death." R. Doc. 160, at 1. Vangh's motion mentioned only a March 18, 2019 request (the March 18 Request) to the Bureau of Prisons (BOP) which she allegedly submitted while housed at Bryan, Texas Federal Prison Camp (FPC Bryan). She explained that FPC Bryan's Warden did not respond to the March 18 Request within 30 days and

---

[1]This Court recently provided a brief recitation of the facts in United States v. Vangh, 990 F.3d 1138 (8th Cir. 2021), a case in which Vangh's husband appeared before us.

therefore, pursuant to § 3582(c)(1)(A), she had exhausted her administrative remedies.

Vangh moved for leave to supplement her motion for compassionate release, and in response, the government contended that Vangh never submitted the March 18 Request. In its opinion denying Vangh's motion for compassionate release, the district court first addressed the March 18 Request. It explained that although Vangh initially failed to provide any evidence of the March 18 Request, she later submitted a declaration from a paralegal who assisted her in making that request; attached to this declaration was a screen capture from the United States Postal Service's website, showing a tracking number and a delivery date of March 21, 2019. See R. Doc. 175. After receiving this declaration, the district court asked the government to search the compassionate release records of both FPC Bryan and Carswell, Texas Federal Prison Camp (FPC Carswell). Neither facility's database showed a record of the March 18 Request. The government also submitted a declaration from an FPC Bryan employee responsible for processing and logging all compassionate release requests. In her declaration, this employee stated that she had personally reviewed the BOP's tracking database and could not find any record of the March 18 Request. See R. Doc. 182-1, at 2. Therefore, the district court did not consider Vangh's request for compassionate release insofar as she relied on the March 18 Request, as its existence was contradicted by the record.

The government also argued that, to the extent Vangh intended to rely on a May 17, 2019 request (the May 17 Request) that she made to the BOP while housed at FPC Carswell, she failed to exhaust her administrative remedies. It alleged that FPC Carswell's Warden denied her request within 30 days of receipt of that request, pursuant to § 3582(c)(1)(A), and that Vangh failed to administratively appeal that denial (via the BOP's Administrative Remedy Program). Vangh responded to this argument, reiterating that the FPC Bryan Warden failed to respond to her March 18 Request before arguing that, even if the district court declined to consider her March 18 Request, Vangh's motion was properly before the district court because her motion for compassionate release was filed 30 days after the Warden's receipt of the

May 17 Request. R. Doc. 180, at 1-2. She argued, "The [district court] should hold that Vangh exhausted her administrative remedies because her motion was 'filed in court 30 days after receipt of a request by the warden.'" R. Doc. 180, at 2 (citation omitted). The district court agreed with the government and dismissed Vangh's motion, explaining that Vangh failed to exhaust her administrative remedies because she failed to appeal FPC Carswell's Warden's denial in accordance with the BOP's Administrative Remedy Program. It did not address Vangh's argument that, under the alternative provision of § 3582(c)(1)(A), the district court had the authority to reduce her sentence as her motion was filed "30 days from the receipt of [her] request by the warden of [her] facility." Vangh now appeals the district court's denial.

II.

Following passage of the First Step Act in 2018, a prisoner may bring a motion for compassionate release on her own behalf if, prior to bringing that motion, she has exhausted her administrative remedies. Vangh, 990 F.3d at 1139-40. Section 3582(c)(1)(A) provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added). "We review de novo the applicability of the First Step Act to a defendant's case, including whether a defendant is eligible for a sentence reduction. We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction." United States v. Rodd, 966 F.3d 740, 746 (8th Cir. 2020) (citation omitted). Further, "[w]e review a district court's findings of fact under a clearly erroneous standard." Lesch v. United States, 612 F.3d 975, 980 (8th Cir. 2010).

-4-

The motion for compassionate release filed by Vangh and before the district court in this case was based solely on the March 18 Request to the Warden of FPC Bryan. The district court concluded after review that this claim fails because no such request was in fact submitted to the BOP. In this appeal, Vangh does not present any "meaningful argument" that the district court erred in so finding and we deem such a claim, if made, waived. See White v. Jackson, 865 F.3d 1064, 1076 n.1 (8th Cir. 2017) (citation omitted).

Therefore, the only existing request is Vangh's May 17 Request, which the government, not Vangh, first cited in its argument to the district court. The district court's consideration of the May 17 Request was confined to its conclusion that because Vangh failed to follow the BOP's Administrative Remedy Program and properly appeal the Warden's denial of that request, she failed to exhaust her administrative remedies as required by § 3582(c)(1)(A). The district court did not consider Vangh's argument that § 3582(c)(1)(A), in the alternative, allows a prisoner to seek relief in federal court 30 days from the warden's receipt of that prisoner's compassionate release request, even if the warden responded within those 30 days and even if the prisoner fails to pursue available administrative appeals.

Although Vangh asks us to find that the district court erred in its interpretation of the "30-day" provision contained in § 3582(c)(1)(A), the district court did not interpret that provision. This Court is "an appellate court sitting to review alleged errors of law, and not to try the action de novo." Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp., 194 F.2d 846, 852 (8th Cir. 1952) (citation omitted); see also Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). Therefore, in order to afford the district court an opportunity to evaluate Vangh's argument, interpret the alternative "30-day" provision of § 3582(c)(1)(A), and determine whether it possessed the authority to reduce Vangh's sentence where Vangh waited 30 days from the date of the Warden's receipt of her May 17 Request for compassionate release, even though Vangh failed to exhaust her administrative remedies, remand is appropriate.

## III.

For the foregoing reasons, we vacate and remand for further proceedings consistent with this opinion.  We render no opinion as to the merits of Vangh's underlying request for relief.

———————————————